In re FREEPORT STANDARD DAIRY CORPORATION.

REISS et al. v. ECKERT.

No. 8242.

Circuit Court of Appeals, Seventh Circuit.

March 5, 1943.

Albert H. Manus, of Freeport, Ill., for appellant.

Robert P. Eckert, Jr., of Freeport, Ill., for appellee.

Before SPARKS and MAJOR, Circuit Judges.

PER CURIAM.

This is a petition for leave to appeal from an order of the District Court, entered January 19, 1943, overruling objections made by petitioners to certain findings of a Referee in Bankruptcy and approving the

same. The appeal is sought in accordance with Sec. 250 of the Bankruptcy Act, Sec. 650, 11 U.S.C.A., which provides that appeals may be taken from orders "making or refusing to make allowances, etc." Respondent was appointed a Special Master in a corporate reorganization proceeding. On September 25, 1941, an order was entered by the District Court, allowing respondent the sum of $1,119.29 as fees and costs. The order found that such fees and costs were reasonable and provided "that said compensation and said expenses should be paid to the said Robert P. Eckert, Jr. as costs and expenses of administration in said cause and are a first and prior lien." The order directs the trustee to pay from the assets of the estate "as costs and expenses of administration in said cause and as a first and prior lien in full for such compensation and expenses the sum of $1,119.29."

No appeal was taken from this order, but petitioners in January, 1942, petitioned for a modification of the order, which was denied. Again no appeal was taken. Petitioners contend that the order of September 25, 1941, was ambiguous or at any rate left open the question as to whether the allowance to respondent was to be paid prior to making distribution to petitioners (holders of secured claims). Prior to distribution, the question was raised before the trustee, and a hearing had before the Referee. The latter construed the order of September 25, 1941, as final, which was sustained by the court in the order from which it is sought to appeal.

Respondent contends that the order of September 25, 1941, was final and clearly fixed the rights of the parties. We think this contention must be sustained. We see no ambiguity in the order and think it was plainly an allowance of respondent's claim, with directions that it be paid by the trustee prior to the claims of petitioners. The trustee should have made distribution accordingly. There was no occasion for a hearing by the Referee, although he properly construed the order of September 25, 1941. While the record does not disclose, we suspect that this was the reason the court overruled petitioners' objections to the Referee's report. At any rate, it would have been a good and sufficient reason.

That the allowance of an appeal would be a useless gesture is apparent from the fact that a review would be confined to an interpretation of the order of September 25, 1941, and not its merits. As stated, however, it needs no interpretation, and the time for appeal from that order having long since expired, an allowance of the instant petition would serve no useful purpose.

The petition for leave to appeal is, therefore, denied.